

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| TAMINKA BROWN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 09-G-0879-NE |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |

**MEMORANDUM OPINION**

The plaintiff, Taminka Brown, brings this action pursuant to the provisions

of section 205(g) of the Social Security Act (the Act), 42 U.S.C. § 405(g), seeking

judicial review of a final adverse decision of the Commissioner of the Social Security

Administration (the Commissioner) denying her application for Social Security benefits.

Plaintiff timely pursued and exhausted her administrative remedies available before the

Commissioner.  Accordingly, this case is now ripe for judicial review under 205(g) of the

Social Security Act (the Act), 42 U.S.C. §405(g).

**STANDARD OF REVIEW**

The sole function of this court is to determine whether the decision of the

Commissioner is supported by substantial evidence and whether proper legal standards

were applied.  Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983).  To that

end this court "must scrutinize the record as a whole to determine if the decision reached

is reasonable and supported by substantial evidence."  Bloodsworth, at 1239 (citations

omitted).  Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion."  Bloodsworth, at 1239.

## STATUTORY AND REGULATORY FRAMEWORK

In order to qualify for disability benefits and to establish her entitlement for a period of disability, a claimant must be disabled.  The Act defines disabled as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months . . . ."  42 U.S.C. § 423(d)(1)(A); 42 U.S.C. § 416(I).  For the purposes of establishing entitlement to disability benefits, physical or mental impairment is defined as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. § 423(d)(3).

In determining whether a claimant is disabled, Social Security regulations outline a five-step sequential process. 20 C.F.R.§ 404.1520(a)-(f).  The Commissioner must determine in sequence:

    (1)    whether the claimant is currently employed;

    (2)    whether she has a severe impairment;

    (3)    whether her impairment meets or equals one listed by the Secretary;

    (4)    whether the claimant can perform her past work; and

    (5)    whether the claimant is capable of performing any work in the national economy.

Pope v. Shalala, 998 F.2d 473, 477 (7th Cir.1993); accord McDaniel v. Bowen, 800 F.2d

1026, 1030 (11th Cir. 1986).  "Once the claimant has satisfied Steps One and Two, she

will automatically be found disabled if she suffers from a listed impairment.  If the

claimant does not have a listed impairment but cannot perform her past work, the burden

shifts to the Secretary to show that the claimant can perform some other job."  Pope at

477; accord Foote v. Chater, 67 F.3d 1553, 1559 (11th Cir. 1995).  The Commissioner

further bears the burden of showing that such work exists in the national economy in

significant numbers.  Id.

In the instant case,  ALJ Randall C. Stout determined the plaintiff met the

first two tests, but concluded that while she has an impairment or combination of

impairments considered "severe," she did not suffer from a listed impairment.  In his

decision, the ALJ found that the plaintiff "has the residual functional capacity to perform

sedentary work with the restrictions described in detail by Dr. Cohen in exhibit 33F."  [R.

19].  Dr. Cohen's Medical Source Opinion (Physical) stated that the plaintiff could stand

and walk for 15 minutes at a time for a total of one to two hours a day, and that she could

sit for two hours at one time for four to six hours a day.  [R. 709].  Dr. Cohen limited the

plaintiff to lifting and carrying 10 pounds occasionally.  [Id.]. Accordingly, the ALJ found

the Plaintiff not to be disabled.

## THE STANDARD FOR REJECTING THE TESTIMONY
## OF A TREATING PHYSICIAN

As the Sixth Circuit has noted:  "It is firmly established that the medical opinion of a treating physician must be accorded greater weight than those of physicians employed by the government to defend against a disability claim."  Hall v. Bowen, 837 F.2d 272, 276 (6th Cir. 1988).  "The testimony of a treating physician must ordinarily be given substantial or considerable weight unless good cause is shown to the contrary." McGregor v. Bowen, 786 F.2d 1050, 1053 (11th Cir. 1986); accord Elam v. Railroad Retirement Bd., 921 F.2d 1210, 1216 (11th Cir. 1991).  In addition, the Commissioner "must specify what weight is given to a treating physician's opinion and any reason for giving it no weight ...."  McGregor, 786 F.2d at 1053.  If the Commissioner ignores or fails to properly refute a treating physician's testimony, as a matter of law that testimony must be accepted as true.  McGregor, 786 F.2d at 1053; Elam, 921 F.2d at 1216.  The Commissioner's reasons for refusing to credit a claimant's treating physician must be supported by substantial evidence.  See McGregor, 786 F.2d at 1054; cf. Hale v. Bowen, 831 F.2d 1007, 1012 (11th Cir. 1987)(articulation of reasons for not crediting a claimant's subjective pain testimony must be supported by substantial evidence).

## THE IMPACT OF A VOCATIONAL EXPERT'S TESTIMONY WHEN PAIN OR
## OTHER SUBJECTIVE SYMPTOMS ARE INVOLVED

It is common for a vocational expert ("VE") to testify at a claimant's hearing before an ALJ, and in many cases such testimony is required.  The VE is typically

asked whether the claimant can perform his past relevant work or other jobs that exist in significant numbers withing the national economy based upon hypothetical questions about the claimant's abilities in spite of his impairments.  "In order for a vocational expert's testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments."  Jones v. Apfel, 190 F.3d 1224, 1229 (11th Cir. 1999).

If the claimant is unable to perform his prior relevant work the burden shifts to the Commissioner to establish that he can perform other work.  In such cases, if the vocational expert testimony upon which the ALJ relies is based upon a hypothetical question that does not take into account all of the claimant's impairments, the Commissioner has not met that burden, and the action should be reversed with instructions that the plaintiff be awarded the benefits claimed.  This is so even if no other hypothetical question is posed to the VE.  See Gamer v. Secretary of Health and Human Services, 815 F.2d 1275, 1280 (9th Cir. 1987)(noting that when the burden is on the Commissioner to show the claimant can do other work, the claimant is not obligated to pose hypothetical questions in order to prevail).  However, it is desirable for the VE to be asked whether the claimant can perform any jobs if his subjective testimony is credited.  Such a hypothetical question would allow disability claims to be expedited in cases in which the ALJ's refusal to credit the plaintiff's pain testimony is found not to be supported by substantial evidence.

In <u>Varney v. Secretary of Health and Human Services</u>, 859 F.2d 1396 (9th

Cir. 1987), the Ninth Circuit adopted the Eleventh Circuit rule which holds that if the

articulated reasons for rejecting the plaintiff's pain testimony are not supported by

substantial evidence, that testimony is accepted as true as a matter of law.  <u>Id</u> at 1401.

The court noted that "[a]mong the most persuasive arguments supporting the rule is the

need to expedite disability claims."  <u>Id.</u>  If the VE is asked whether the claimant could

perform other jobs if his testimony of pain or other subjective symptoms is accepted as

true, the case might be in a posture that would avoid the necessity of a remand.  As

<u>Varney</u> recognized, if the VE testifies the claimant can perform no jobs if his pain

testimony is accepted as true, the only relevant issue would be whether that testimony was

properly discredited.  <u>Id.</u>

## DISCUSSION

In his decision, the ALJ found that the plaintiff suffered from the severe

impairments of "degenerative disc disease of the lumbar spine with radiculopathy."  [R.

17].    The ALJ explained:

> The record indicates the claimant sustained and [sic] injury to her lower
> back in June 2002 while lifting heavy objects at her place of employment.
> She was treated conservatively with pain medication and lumbar steroid
> injections and subsequently underwent an L5-S1 microdiscectomy in
> August 2002 after an MRI revealed disc herniation at that level (Exhibits
> 1F-3F).  On follow up the claimant saw Dr. Gregory Mick, neurosurgeon,
> and reported persistent back pain symptoms with right S1 radiculopathy
> (Exhibit 2F).  She had not apparently followed up with Dr. Mick since
> September 2002, however, a review of treatment records from a primary
> care physician, Dr. Jamie Sharpton, revealed ongoing complaints with
> postoperative changes noted on repeat MRI (Exhibits 4F, 7F, and 8F).  A
> CT scan revealed spondylosis, albeit mild, at L5-S1 with "minimal"

retrolisthesis and a rang[e] of motion deficits were identified on [a] recent
consultative exam in December 2004 (Exhibits 8F and 9F).

[R. 17-18].  However, he found that the plaintiff "does not have an impairment or

combination of impairments that meets or medically equals one of the listed impairments.

. . ."  [R. 19].  The ALJ concluded under step five of the sequential evaluation that the

plaintiff can perform other work that exists in significant numbers in the national

economy and is, therefore, not disabled.

ALJ Stout stated that he had carefully considered all of the evidence.  [R.

15].  However, the ALJ made no reference at all to the opinion of the plaintiff's treating

physician, Paul R. Kleykamp, M.D.  The record contains numerous treatment records

from Dr. Kleykamp.  [R. 457-58, 477-79, 528-34, 537-40, 543-49, 552-55, 558-59, 561].

It also contains Dr. Kleykamp's September 5, 2005 "Medical Opinion Re:  Ability to do

Work-Related Activities (Physical)."  [R. 503-05].  Dr. Kleykamp opined that the plaintiff

could lift and carry about 10 pounds, could stand and walk about six hours in an eight-

hour day, and was not limited in her ability to sit, although she would have to change

positions every 30 minutes.  [R. 503].  Dr. Kleykamp stated that the plaintiff's "severe

low back pain" and "radiculopathy" supported his findings. [R. 504].  Finally, Dr.

Kleykamp anticipated that the plaintiff's impairments would cause her to be absent from

work more than three times a month.  [R. 505].  Dr. Kleykamp's testimony must be taken

as true because the ALJ completely ignored it in his decision.  The ALJ's failure to

consider Dr. Kleykamp's opinion renders his decision unsupported by substantial

evidence.

      The ALJ found that the plaintiff is unable to return to her past relevant

work.  At the hearing, the ALJ questioned Karen Vessell, a vocational expert:

> Q:     If the claimant had to take work breaks beyond those usually
> scheduled, in other words, had to take more frequent work breaks
> than the one that is usually set, the usual 15-minute break in the a.m.,
> lunch break perhaps half hour, and afternoon work break of 15
> minutes, if she had to periodically take work breaks beyond that, and
> that happened frequently, would that affect those jobs?
>
> A:     Yes, Your Honor.  That would preclude those jobs or any other jobs.
>
> Q:     If the claimant was unable to get out of bed three days on a monthly
> basis, in other words, if she had to miss work three days a month or
> perhaps in excess of that, would that affect those jobs?
>
> A:     Yes, Your Honor.  Most unskilled jobs will not allow absences of
> more than one day a month.

[R. 106-07].  Because the testimony of treating physician, Dr. Kleykamp, must be

accepted as true, and because of the vocational expert's testimony, the plaintiff is unable

to work.

## CONCLUSION

      For the reasons set forth above, the Commissioner failed to carry his burden

at step five of showing the plaintiff could perform other work.  Accordingly, the plaintiff

is disabled within the meaning of the Social Security Act.  An appropriate order

remanding the action with instructions that the plaintiff be awarded the benefits claimed

will be entered contemporaneously herewith.

DONE and ORDERED 15 April 2010.

UNITED STATES DISTRICT JUDGE
J. FOY GUIN, JR.